1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| 8   Robert Wood, a Washington resident, | |
| 9                    Plaintiff, | **NO.** |
| 10            vs. | |
| 11   Yong Ae Chung, a New Jersey resident, | **COMPLAINT FOR DECLARATORY** |
| 12                    Defendant. | **AND INJUNCTIVE RELIEF** |

13

14        COMES NOW, Plaintiff, Robert Wood, by and through his attorneys, Conrad A.

15   Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for his Complaint

16   for Declaratory and Injunctive Relief to state and allege as follows:

17                         **I.        OVERVIEW**

18        1.        The Americans with Disabilities Act (the "ADA") and the Washington Law

19   Against Discrimination require places of public accommodation to be accessible to people with

20   disabilities.

21        2.        A restaurant is a place of public accommodation within the meaning of Title III of

22   the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

23        3.        ADA accessibility laws and regulations were enacted into law nearly three

Complaint for Declaratory and Injunctive
Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  decades ago to protect persons with mobility and other disabilities.

2      4.      Defendant discriminates against individuals with disabilities because Defendant

3  leases a property as a place of public accommodation that does not comply with ADA laws and

4  regulations.

5      5.      Therefore, Plaintiff brings this action to end the civil rights violations at a place of

6  public accommodation by Defendant Yong Chung against persons with mobility disabilities.

7                      II.      PARTIES

8      6.      Plaintiff Robert Wood is a Tacoma, Washington resident who resides in this

9  district and travels throughout the Tacoma area on a regular basis.

10     7.      Mr. Wood is limited in the major life activity of walking and uses a wheelchair

11 and modified van for transportation and requires van accessible parking to patronize the "Andale

12 Mexican Restaurant" at Defendant's property at or near 602 112th St S, Tacoma, Washington

13 98444 (the "Property").

14     8.      Mr. Wood and most recently patronized the Property in December of 2018, and

15 plans to return once accessibility barriers are corrected.

16     9.      While Defendant Yong Chung ("Defendant") may be a New Jersey resident,

17 Defendant owns the Property in Tacoma, Washington.

18                   III.      JURISDICTION AND VENUE

19     10.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district

20 courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

21 United States.

22     11.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

23 courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive
Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

12.     This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

13.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the Property that is the subject of Plaintiff's Complaint for Injunctive Relief and Damages sits within this district.

### IV.     FACTUAL ALLEGATIONS

14.     The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

15.     Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

16.     The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

17.     Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

Complaint for Declaratory and Injunctive Relief
**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1 accommodation by any person who owns, leases (or leases to), or operates a place of public

2 accommodation." 42 U.S.C. § 12182(a).

**Defendant's Property**

4      18.    Mr. Wood used his wheelchair and modified van, albeit at personal risk due to

5 existing accessibility barriers, to visit the Property.

6      19.    Mr. Wood does not feel safe accessing the property as is due to the current

7 accessibility barriers.

8      20.    Defendant's Property does not comply with the ADA's accessibility laws and

9 regulations under the 2010 ADA Standards for Accessible Design ("2010 Standards") or the

10 1991 ADA Standards for Accessible Design ("1991 Standards").

11                             Building Entrance

12      21.    At least one accessible route shall be provided within the site from accessible

13 parking spaces and accessible passenger loading zones, public streets and sidewalks, and public

14 transportation stops to the accessible building or facility entrance they serve. § 206.2.1 of the

15 2010 Standards; § 4.3.2 of the 1991 Standards.

16      22.    Changes in level in excess of 1/4 inches must be bridged by a ramp with a slope

17 not greater than 1:12. § 405.2 of the 2010 Standards; § 4.8.1 of the 1991 Standards.

18      23.    The ramp at the entrance to the Property is greater than 1:12.

19      24.    Ramps shall have landings at the top and the bottom of each ramp run. § 405.7 of

20 the 2010 Standards; § 4.8.4 of the 1991 Standards. A landing provides space to maneuver a

21 wheelchair, which allows wheelchair users to safely turn or open a door.

22      25.    The space at the bottom of the ramp does not have sufficient clear space for a

23 landing.

Complaint for Declaratory and Injunctive Relief
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

26.     A pull door approached from the front like the door at Defendant's Property requires a minimum maneuvering clearance of 60 inches perpendicular to the doorway and 18 inches parallel to the doorway. § 404.2.4.1 of the 2010 Standards; § 4.13.6 of the 1991 Standards.

27.     The poles or posts interfere with the clear space around the front door of the Property resulting in insufficient maneuvering clearance under § 404.2.4.1 of the 2010 Standards and § 4.13.6 of the 1991 Standards.

28.     It is difficult or dangerous for Mr. Wood to enter the restaurant without an ADA compliant door, entry, and ramp.

Accessible Parking

29.     At the Property at least one accessible parking space is required by § 208.2 of the 2010 Standards and § 4.1.2(5)(a) of the 1991 Standards.

30.     That required accessible parking space must meet the standards for a "van-accessible" parking space. §§ 208.2.4 and 502 of the 2010 Standards.

31.     Parking space identification signs shall include the International Symbol of Accessibility. Signs identifying van parking spaces shall contain the designation "van-accessible." § 502.6 of the 2010 Standards; § 4.6.4 of the 1991 Standards.

32.     At the Property there are no accessible parking spaces and no signage designating spaces as accessible.

33.     Mr. Wood requires compliant accessible parking in order to safely enter and exit his modified vehicle using his wheelchair. Without compliant accessible parking Mr. Wood will not have sufficient room to safely enter and exit his modified vehicle if other cars are parked too close.

Complaint for Declaratory and Injunctive Relief
**Page 5 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

**Efforts to Resolve Informally**

34.     While there is no requrement that any efforts be made to informally resolve ADA accessibility issues at a place of public acomodation, Mr. Wood's attorney provided voluntary pre-litigation notice and an opportunity to settle this matter via letter dated May 1, 2019.

35.     Defendant responded to this letter and Mr. Wood's attorney attempted to convince Defendant to comply with the ADA via telephone on May 29, 2019 and encouraged Defendant to seek legal advice because Defendant demonstrated no intent to take any action to remedy accessibility barriers at the property.

36.     Defendant ended the May 29, 2019 phone call by saying she would call back later, but as of the filing of this complaint – more than six weeks later – Mr. Wood's attorney received no further contact or response from Defendant.

37.     As of the filing of this complaint no alterations have been made to address accessibility barriers at the Property.

38.     Defendant's Property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

39.     Defendant's failure to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

### V.      FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

40.     Mr. Wood incorporates by reference the allegations in the paragraphs above.

41.     Mr. Wood is limited in the major life activity of walking and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

42.     Title III of the ADA states in relevant part: "No individual shall be discriminated

Complaint for Declaratory and Injunctive Relief
**Page 6 of 10**

1  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

2  privileges, advantages, or accommodations of any place of public accommodation by any person

3  who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

4  12182(a).

5      43.    Defendant Yong Chung owns or leases the property where the Andale Mexican

6  Restaurant tenant is located.

7      44.    The Andale Mexican Restaurant location is a restaurant and therefore a place of

8  public accommodation. 42 U.S.C. § 12181(7)(B).

9      45.    Defendant has discriminated against Plaintiff on the basis of his disability.

10      46.    Defendant's discriminatory conduct includes but is not limited to:

11      a.    Discriminatory exclusion and/or denial of goods, services, facilities,

12  privileges, advantages, accommodations, and/or opportunities;

13      b.    Provision of goods, services, facilities, privileges, advantages, and/or

14  accommodations that are not equal to those afforded non-disabled individuals;

15      c.    Failing to make reasonable modifications in policies, practices, and/or

16  procedures as necessary to afford the goods, services, facilities, privileges, advantages,

17  and/or accommodations to individuals with disabilities;

18      d.    Failing to make alterations in such a manner that, to the maximum extent

19  feasible, the altered portions are readily accessible to and usable by individuals with

20  disabilities, including individuals who use wheelchairs;

21      e.    Failing to remove barriers to individuals with disabilities where it would

22  be readily achievable to do so.

23      47.    As such, Defendant discriminates and, in the absence of the injunction requested

Complaint for Declaratory and Injunctive Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the

2  full and equal enjoyment of the goods, services, facilities, privileges, advantages,

3  accommodations and/or opportunities at Defendant's property in violation of Title III of the

4  Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

5       48.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

6  and Injunctive Relief has harmed Mr. Wood, and the harm continues.

7       49.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

8  and Injunctive Relief entitles Mr. Wood to declaratory and injunctive relief. 42 U.S.C. § 12188.

9       50.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

10  and Injunctive Relief entitles Mr. Wood to recover reasonable attorneys' fees and costs incurred

11  in bringing this action. 42 U.S.C. § 12205.

12  **VI.    SECOND CAUSE OF ACTION**
**Violation of the Washington Law Against Discrimination**

13  **(R.C.W. §§ 49.60.010 et seq.)**

14       51.     Mr. Wood incorporates by reference the allegations in the paragraphs above.

15       52.     Mr. Wood is a qualified individual with a disability within the meaning of the

16  Washington Law Against Discrimination.

17       53.     Section 49.60.030(1) of the Revised Code of Washington provides in pertinent

18  part: "The right to be free from discrimination because of . . . the presence of any sensory,

19  mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

20  include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

21  accommodations, advantages, facilities, or privileges of any place of public resort,

22  accommodation, assemblage, or amusement . . . "

23       54.     Defendant has violated and continues to violate §§ 49.60.010 et seq. of the

Complaint for Declaratory and Injunctive
Relief
**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    Revised Code of Washington by violating multiple accessibility requirements under the ADA.

2        55.    Defendant's actions constitute discrimination against persons with disabilities and

3    violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

4    et seq., in that persons with mobility disabilities have been and are still denied full and equal

5    enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

6    provides to individuals who do not have disabilities.

7        56.    As a direct and proximate result of Defendant's discriminatory conduct as alleged

8    in this Complaint for Declaratory and Injunctive Relief, Mr. Wood has suffered and continues to

9    suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

10       57.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

11   and Injunctive Relief has denied Mr. Wood the full and equal enjoyment of services that the

12   Washington Law Against Discrimination requires.

13       58.    Mr. Wood has a clear legal right to access the tenants of Defendant's property

14   under the Washington Law Against Discrimination.

15       59.    Mr. Wood has the right for Defendant's property to comply with the ADA's

16   accessibility laws and regulations under the Washington Law Against Discrimination.

17       60.    Defendant's property does not comply with ADA accessibility laws and

18   regulations.

19       61.    Because Defendant's property does not comply with the ADA's accessibility laws

20   and regulations, declaratory and injunctive relief are appropriate remedies under the Washington

21   Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

22       62.    Pursuant to RCW § 49.60.030(2), Mr. Wood is entitled to declaratory and

23   injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred

Complaint for Declaratory and Injunctive
Relief
**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1 | in bringing this action.

2 | ### VII.   PRAYER FOR RELIEF

3 | WHEREFORE, Mr. Wood respectfully requests that this Court:

4 | 1.   Assume jurisdiction over this action;

5 | 2.   Find and declare Defendant Yong Chung to be in violation of Title III of the

6 | Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against

7 | Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not

8 | comply with the ADA's accessibility laws and regulations;

9 | 3.   Issue a permanent injunction ordering Defendant to immediately implement the

10 | necessary improvements to bring the Defendant's property into compliance with the ADA's

11 | accessibility laws and regulations;

12 | 4.   Award Mr. Wood reasonable attorneys' fees and costs as authorized by 42 U.S.C.

13 | § 12205 and Wash. Rev. Code§ 49.60.030(2);

14 | 5.   Award actual, compensatory, and/or statutory damages to Mr. Wood for

15 | violations of his civil rights as allowed under state and federal law;

16 | 6.   Award such additional or alternative relief as may be just, proper, and equitable.

17 | DATED THIS 16th day of July, 2019

18 | By:

19 | s/ Michael Terasaki                                   s/ Conrad Reynoldson
    Michael Terasaki                                      Conrad Reynoldson

20 | WSBA# 51923                                           WSBA# 48187
    terasaki@wacda.com                                    conrad@wacda.com

21 | (206) 971-1124                                        (206) 876-8515

22 | WASHINGTON CIVIL & DISABILITY ADVOCATE
    4115 ROOSEVELT WAY NE , SUITE B, SEATTLE, WA 98105
    *Attorneys for Plaintiff Robert Wood*

23 |

Complaint for Declaratory and Injunctive Relief
**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558